# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------- x
                                                   :
WILLIAM RINGLER,                                   : Civil Action No. _____
on behalf of himself and                           :
similarly situated employees,                      :
                                                   : INDIVIDUAL AND
        Plaintiff,                                 : COLLECTIVE/CLASS
                                                   : ACTION COMPLAINT
            v.                                     :
                                                   :
NORWIN TECHNOLOGIES,                               : Jury Trial Demanded
                                                   :
        Defendant.                                 : Electronically Filed
                                                   :
-------------------------------------------------- X
```

## INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT

### Nature of the Action, Jurisdiction, and Venue

1. This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), and the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, and an individual action under the Pennsylvania Wage Payment and Collection Law (WPCL), 43 P.S. § 260.3, to recover damages for non-payment of wages.

2. Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claim, 28 U.S.C. § 1367(a).

3. The actions and policies alleged to be unlawful were committed in whole or in part around Gibsonia, PA, where Plaintiff lives and worked from his home for Defendant, and elsewhere in Pennsylvania and other states. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

## Parties

4. **Plaintiff William Ringler** resides in 105 Partridge Run Road, Gibsonia, Pennsylvania 15044. Plaintiff worked for Defendant Norwin Technologies from in or around late March 2016 until in or around July 2016.

5. Plaintiff regularly performed work within the state of Pennsylvania.

6. Plaintiff also regularly performed work in other states on behalf of Defendant.

7. **Defendant Norwin Technologies** provides IT consulting and other services throughout the United States. Defendant maintains its headquarters at 300 Rosewood Drive, Danvers, MA 01923.

8. At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and has been subject to the provisions of Section 203(s)(1) of the FLSA.

9. Defendant regularly employed individuals in the state of Pennsylvania, including Plaintiff, in the performance of work on behalf of Defendant and its clients and is subject to the provisions of the PMWA.

## Statement of Claims

10. Defendant hired Plaintiff for the position of Senior Network Security Consultant/Senior Network Engineer Architect in or about late March 2016, and Plaintiff held that position until his employment with Defendant ended in or about July 2016.

11. Defendant's clients include banks, financial services firms, manufacturers, retail chains, healthcare organizations, internet service and telecommunications providers, educational institutions and public-sector agencies.

12. As a Senior Network Security Consultant, Plaintiff was assigned tasks relating to the design and integrity of a client's network.

13. Plaintiff traveled extensively to clients' business premises to perform his duties.

14. When not performing his duties at the clients' business premises, or traveling back and forth to the clients, Plaintiff performed work duties from his home in Gibsonia, PA.

15. Plaintiff was hired at $95 per hour on a W2 "Contractor basis," with all payments subject to withholdings applicable to wages.

16. Plaintiff was not paid a salary: Plaintiff was paid strictly on an hourly basis.

17. The terms of pay were defined in an Offer Letter to Plaintiff which both he and Defendant signed.

18. The Offer Letter also stated, "Any approved hours over 40 per week were paid at $95 per hour on a W2 Contractor basis."

19. There was no guarantee of a minimum number of hours that Plaintiff would be paid each week: he was paid strictly on an hourly basis for hours worked.

20. Plaintiff regularly worked in excess of 40 hours in workweeks.

21. Defendant paid no overtime premium to Plaintiff for hours worked over 40 hours in a week.

22. Defendant in fact refused to pay Plaintiff for any hours worked in excess of 40 hours in a week even at the straight rate of $95.

23. Plaintiff completed so-called "timesheets" each week, submitted electronically through CDW and MyNorwin ( Norwin Technologies ).

24. Plaintiff submitted "timesheets" that indicated he worked more than 40 hours in workweeks.

25. Defendant rejected the "timesheets" that indicated Plaintiff worked more than 40 hours in workweeks.

26. Defendant ordered Plaintiff to submit revised "timesheets" for those weeks where Plaintiff had indicated he worked more than 40 hours in workweeks.

27. Defendant effectively ordered Plaintiff to submit false timesheets.

28. Defendant told Plaintiff it would not approve overtime hours either because the client had not authorized such payments or because there wasn't enough money in the budget for that client to allow overtime.

29. Defendant never told Plaintiff to stop working more than 40 hours in workweeks.

30. Defendant never told Plaintiff to not do the work required to meet the customer's needs regardless of the hours required to do so.

31. Defendant "suffered and permitted" Plaintiff to work whatever hours were required to meet the customer's needs regardless of the hours required to do so.

32. Plaintiff eventually stopped submitting "timesheets" showing more than 40 hours worked, even though he worked more than 40 hours in those workweeks.

33. Plaintiff stopped submitting the "timesheets" showing he worked more than 40 hours not because he was acknowledging he did not work more than 40 hours in workweeks, but because Defendant made it clear it would not approve those "timesheets" showing more than 40 hours worked and ordered him to no longer submit such 'timesheets."

34. Plaintiff worked approximately seven (7) separate jobs while working for Defendant.

35. In addition to being denied any overtime pay for overtime hours, Plaintiff was also denied pay for hours worked under 40 hours in certain weeks.

36. Defendant has refused to pay Plaintiff for thirty-two (32) hours worked on a project even though the 32 hours still fit within the 40-hour limit imposed by Defendant.

37. Defendant told Plaintiff it refused to pay him for these 32 hours because there wasn't any money left in the budget for that client.

38. In addition, Defendant refused to pay Plaintiff for another 200+ hours of work that were submitted on the "timesheets" within the 40-hour limit imposed by Defendant.

39. Plaintiff has made repeated demands for payment of these 200+ hours, as well as the initial 32 hours of worked but uncompensated, and Defendant has refused to pay.

40. The uncompensated hours, at the straight time rate of $95 an hour, exceed $27,000, exclusive of interest or penalties.

41. In addition, Plaintiff was promised reimbursement of expenses in the Offer Letter.

42. Plaintiff incurred expenses in furtherance of his duties, and timely submitted these expenses for reimbursement.

43. Defendant has refused to pay Plaintiff for these expenses of approximately $2,300.

44. Plaintiff was non-exempt under the FLSA and the PMWA.

45. There is no exemption that can apply to Plaintiff: he was paid on an hourly basis with no minimum guarantee.

46. Plaintiff was entitled to payment of overtime at one-and-one-half times his regular rate of pay for the uncompensated hours worked in excess of forty hours in a single workweek.

47. Defendant refused to pay Plaintiff for all his hours worked, including overtime hours

worked.

48. Defendant knowingly and intentionally violated the FLSA's mandate for overtime pay. 29 U.S.C. § 207.

49. Defendant knowingly and intentionally falsified time records.

50. Defendant knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that it maintain accurate records of time worked.

51. Defendant's violation of the FLSA and PMWA has been knowing, willful and in reckless disregard when it failed to pay Plaintiff at the overtime rate for those hours, and required him to falsify time records. Defendant has acted willfully and in reckless disregard of the FLSA and the PMWA.

## Collective/Class Action Averments

52. In the past three years Defendant has employed 150+ individuals as Network Security Consultants/Network Engineer Architects, junior, senior or equivalent.

53. These other Network Security Consultants/Network Engineer Architects perform the equivalent job duties as Plaintiff.

54. Network Security Consultants/Network Engineer Architects travel around the country to assist with maintaining and protecting the design and integrity of Defendant's clients' networks.

55. Network Security Consultants/Network Engineer Architects are paid an hourly rate.

56. Network Security Consultants/Network Engineer Architects are not guaranteed a weekly minimum number of hours or a weekly minimum amount in pay.

57. Network Security Consultants/Network Engineer Architects regularly work more than forty hours per week.

58. Defendant fails to maintain accurate records of time worked for the Network Security Consultants/Network Engineer Architects.

59. Instead, as with Plaintiff, Defendant allows the Network Security Consultants/ Network Engineer Architects to submit timesheets only for those hours that Defendant will pay them, normally 40 hours per week.

60. Even in those weeks where Defendant has paid Network Security Consultants/Network Engineer Architects for any hours worked in excess of 40 hours Defendant has paid only at the straight rate, no overtime premium.

61. This is a matter of policy.

62. Defendant has not paid the Network Security Consultants/Network Engineer Architects for all hours worked in excess of forty hours.

63. Defendant has paid no Network Security Consultants/Network Engineer Architects the proper overtime rate of time-and-one-half the regular rate of pay.

64. In the past three years Defendant has employed 150+ individuals as network Security Consultants/Network Engineer Architects.

65. In the past three years Defendant has employed 30+ individuals as Network Security Consultants/Network Engineer Architects who have performed work on behalf of Defendant in Pennsylvania.

66. The Network Security Consultants/Network Engineer Architects employed by Defendant over the past three years, nationally as well as in Pennsylvania, have been subject to the same policies as Plaintiff: paid on an hourly basis; no minimum hours of work or pay

guaranteed per week; paid only for those hours in excess of 40 hours that Defendant will approve regardless of how many hours are actually worked; a false time-keeping system that prevents the recording of time actually worked; and, not paid an overtime premium even when overtime hours are approved but instead paid at a straight hourly rate.

67. The 150+ Network Security Consultants/Network Engineer Architects employed by Defendant over the past three years have regularly worked overtime.

68. Defendant has knowingly and intentionally failed to pay the 150+ network Security Consultants / Network Engineer Architects for their overtime hours either at the straight rate or proper overtime rate.

69. The 150+ Network Security Consultants/Network Engineer Architects have been non-exempt within the meaning of the FLSA and the PMWA.

70. Defendant's failure to pay overtime due to the 150+ Network Security Consultants/Network Engineer Architects employed by Defendant over the past three years, and its failure to maintain accurate records of time worked, has been in violation of the FLSA and the PMWA.

71. Defendant has knowingly and intentionally violated the FLSA and PMWA with respect to the failure to pay overtime and failure to maintain accurate time records.

## COUNT I: VIOLATION OF THE FLSA
### Individual and Collective Action

72. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

73. Plaintiff and all other similarly situated Network Security Consultants/Network Engineer Architects are employees of Defendant within the meaning of the FLSA.

74. Defendant is an employer within the meaning of the FLSA.

75. Plaintiff and all other similarly situated Network Security Consultants/Network Engineer Architects have been compensated on an hourly basis.

76. Plaintiff and all other similarly situated Network Security Consultants/Network Engineer Architects have regularly worked more than forty hours per week.

77. Defendant has not paid overtime compensation to Plaintiff and all other similarly situated Network Security Consultants/Network Engineer Architects for work of more than forty hours in any workweek.

78. Defendant has not paid any overtime compensation to Plaintiff and all other similarly situated employees at the proper overtime rate.

79. Defendant has failed to maintain accurate records of time worked for Plaintiff and all other similarly situated employees.

80. Plaintiff and the other similarly situated Network Security Consultants/Network Engineer Architects have been non-exempt within the meaning of the FLSA.

81. Defendant's failure to pay overtime to Plaintiff and all other similarly situated Network Security Consultants/Network Engineer Architects has violated and continues to violate the FLSA.

82. For at least the past three years, Defendant's violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

83. Plaintiff and all other similarly situated Network Security Consultants/Network Engineer Architects are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

84. Plaintiff and all other similarly situated Network Security Consultants/Network Engineer Architects are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

## COUNT II:  VIOLATION OF THE PMWA
### Individual and Class Action

85. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

86. Plaintiff and all other similarly situated Network Security Consultants/Network Engineer Architects are employees of Defendant within the meaning of the PMWA.

87. Defendant is an employer within the meaning of the PMWA.

88. Plaintiff and all other similarly situated Network Security Consultants/Network Engineer Architects are non-exempt within the meaning of the PMWA.

89. Defendant's failure to pay overtime to Plaintiff and similarly situated Network Security Consultants/Network Engineer Architects violates the PMWA.

90. Defendant's failure to maintain accurate records of time worked for Plaintiff and similarly situated employees violates the PMWA.

91. Plaintiff and similarly situated Network Security Consultants/Network Engineer Architects are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

## COUNT III: BREACH OF CONTRACT
## Individual Action

92. Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

93. When Defendant hired Plaintiff Defendant made definite, clear promises to pay him a specific, straight hourly rate for all work he performed for Defendant.

94. Those promises created enforceable contractual obligations.

95. Plaintiff provided consideration for those promises by promising to deliver and actually delivering valuable services to Defendant's clients.

96. Despite its contractual obligation to compensate Plaintiff for all work he performed, Defendant breached those contractual obligations when it did not pay Plaintiff for hours he worked.

97. Plaintiff is owed approximately $27,000, exclusive of interest and penalties and overtime, in unpaid time.

98. The amount owed to him represents wages.

99. Defendant also promised to reimburse Plaintiff for expenses incurred in the course of his employment.

100. Despite this promise Defendant has refused to reimburse Plaintiff for expenses incurred in the amount or $2,300 or so.

101. Defendant did not have any good-faith basis on which to withhold the wages or expenses.

102. As a result of Defendant's breaches, Plaintiff has been denied the benefit of the bargain,

and he has suffered substantial damages in the form of unpaid wages and unreimbursed expenses.

103. Plaintiff is entitled to damages commensurate with the unpaid wages and unreimbursed expenses, plus interest, plus compensatory damages resulting from the breach.

## COUNT IV: VIOLATION OF THE WPCL
### Individual Action

104. Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

105. Defendant's contractual obligation to pay Plaintiff for all hours worked and to reimburse him for business expenses created obligations under the WPCL, 43 P.S. § 260.1 *et seq*.

106. The compensation Defendant failed to pay to Plaintiff for hours worked and expenses incurred constitute wages within the meaning of the WPCL.

107. Defendant violated the WPCL by failing to pay approximately $27,000 for work Plaintiff performed, and an additional amount for unreimbursed expenses.

108. Defendant did not have any good-faith basis for withholding the wages.

109. Plaintiff is entitled to his unpaid wages as well as statutory penalties (25% of unpaid wages), pre-judgment and post-judgment interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

110. WHEREFORE, Plaintiff and all others similarly situated respectfully request that this Court:
    A. Order Defendant to pay the unpaid overtime compensation owed to Plaintiff and

all other similarly situated Network Security Consultants/Network Engineer Architects;

B. Order Defendant to pay liquidated damages to Plaintiff and all other similarly situated Network Security Consultants/Network Engineer Architects;

C. Order Defendant to pay Plaintiff for hours worked, billed and unpaid and for unreimbursed expenses;

D. Order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and all other similarly situated Network Security Consultants/Network Engineer Architects; and

E. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

s/Joseph H. Chivers
Joseph H. Chivers, Esq.
PA ID No. 39184
First & Market Building
Suite 650
100 First Avenue
Pittsburgh, PA  15222
jchivers@employmentrightsgroup.com
Tel: (412) 227-0763
Fax: (412) 774-1994

John R. Linkosky, Esq.
PA ID No. 66011
JOHN LINKOSKY & ASSOCIATES
715 Washington Avenue
Carnegie, PA  15106
linklaw@comcast.net
Tel.:  (412) 278-1280
Fax:  (412) 278-1282

*Counsel for Plaintiff
and all others similarly situated*

Dated: April 5, 2017